## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SUNDAY EGAHI, individually and on behalf     *
of similarly-situated persons,

      Plaintiff,     *

      v.     *     CIVIL NO. JKB-24-03728

WORLDREMIT CORP.,     *

      Defendant.     *

   *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Strike Class Allegations and Demand for Jury Trial, to Compel Arbitration, and to Stay Action. (ECF No. 15.) The Court finds the parties' briefing on the Motion to be inadequate because neither party addresses a set of cases that appears crucial to determining if the arbitration agreement in this case was properly formed. For the reasons stated herein, Defendant will be ordered to show cause why its Motion should not be denied in light of this precedent.

To begin, the Court addresses one preliminary issue. The parties dispute which user agreement applies to the transactions at issue in the case. Plaintiff began using Defendant's services on May 18, 2020. (Pl. User History, Mot. Exh. C, ECF No. 15-3.) Plaintiff continued to use Defendant's services regularly until at least January 31, 2025. (*Id.*) During this period, six different user agreements were in effect. (*See generally* User Agreements, Mot. Exh. D–I, ECF No. 15-4–15-9.) Each user agreement contained the terms and conditions relating to customers' use of Defendant's services. Four of these user agreements contained provisions requiring that all disputes proceed via arbitration. (Undated User Agreement at 7, Mot. Exh. D, ECF No. 15-4;

September 2020 User Agreement at 8, Mot. Exh. E, ECF No. 15-5; September 2021 User Agreement at 9, Mot. Exh. F, ECF No. 15-6; December 2024 User Agreement at 11, Mot. Exh. I, ECF No. 15-9.) However, two of them did not have arbitration provisions. (January 2024 User Agreement, Mot. Exh. G, ECF No. 15-7; October 2024 User Agreement, Mot. Exh. H., ECF No. 15-8.) The final user agreement, dated December 19, 2024, did contain an arbitration clause. (Dec. 2024 User Agreement at 11.) This final agreement also included a merger clause which stated: "This User Agreement constitutes the entire agreement between you and WorldRemit and governs your use of the Services, superseding any prior agreements between you and WorldRemit." (*Id.* at 14.)

Plaintiff contends that the December 2024 user agreement—and its arbitration clause—does not supersede the prior agreements. (Opp'n to Mot. at 6–8, ECF No. 20.) Plaintiff explains that he is not challenging transactions that occurred in December 2024 or later. (*Id.* at 5–6.) Rather, his claims only concern transactions that occurred before then. (*Id.*) It is unclear though which transactions Plaintiff is indeed challenging. In his Complaint, Plaintiff alleges that he was wrongfully charged fees until January 24, 2024. (Compl. at 8, ECF No. 1.) But in his Opposition to Defendant's Motion, he first states that "[t]his matter concerns certain remittance transactions that occurred in late 2021 through December of 2024." (Opp'n to Mot. at 1.) Then, later in his brief, Plaintiff says that no relevant transactions occurred under the October or December 2024 user agreements.[1] (*Id.* at 6.)

---

[1] The Court notes that these are not the only inconsistencies in Plaintiff's briefing. For instance, in his Opposition brief, Plaintiff states that Defendant served its initial disclosures on Plaintiff on April 22, 2025. (Opp'n to Mot. at 4.) However, Plaintiff attached a copy of the initial disclosures to his brief, and the disclosures are dated May 6, 2025. (Def. Initial Disclosures at 5, Opp'n Exh. C, ECF No. 20-3.) Given Plaintiff's argument that Defendant waived its right to compel arbitration by engaging in litigation, these dates are quite relevant. The Court reminds Plaintiff to ensure that his future filings are truthful and accurate.

Defendant rebuts that regardless of which transactions Plaintiff is challenging, the December 2024 user agreement supersedes all the prior user agreements and applies retroactively to govern disputes over all prior transactions. (Reply Mem. Supp. of Mot. at 8, ECF No. 21.) Defendant points out that Plaintiff continued to use Defendant's services after the Complaint was filed in this case through at least January 31, 2025. (*See id.* at 2.) Thus, Defendant argues, even if Plaintiff is not challenging transactions that occurred since December 2024, his use of Defendant's services is still governed by the December 2024 user agreement because the merger clause states that the December 2024 agreement supersedes all prior user agreements. (*See id.* at 9.)

Solely for the purposes of this Memorandum and Order, the Court assumes that Defendant is correct, and the December 2024 user agreement applies retroactively to cover all the transactions at issue in this case.

That brings the Court to why a show cause order is necessary. Even if the Court assumes that the December 2024 agreement controls, that agreement still must have been properly formed. *See Rowland v. Sandy Morris Fin. & Est. Plan. Servs., LLC*, 993 F.3d 253, 258 (4th Cir. 2021). That is, there must have been offer, acceptance, and consideration. *Cnty. Comm'rs for Carroll Cnty. v. Forty W. Builders, Inc.*, 178 Md. App. 328, 377, 384 (Md. Ct. Spec. App. 2008). Moreover, the arbitration provision also requires its own offer, acceptance, and consideration. *See Cheek v. United Healthcare of Mid-Atl., Inc.*, 378 Md. 139, 157 (2003). This is because "as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006). As a result, an arbitration provision—even one contained in a larger contract—is viewed as its own contract. *Johnson v. Cont'l Fin. Co., LLC,* 131 F.4th 169, 182 (4th Cir. 2025) (Wynn, J.,

3

concurring). And as the moving party, Defendant has the burden to prove that both of these contracts were properly formed. *See Rowland*, 993 F.3d at 258.

At this juncture, neither party has adequately briefed whether the arbitration agreement was properly formed. Specifically, neither party noted the effect of the modification clause contained in ¶ 15.6 of the December 2024 user agreement. (Dec. 2024 User Agreement at 14.) However, the Court's own research reveals that when an arbitration agreement is coupled with a provision allowing one party to modify that agreement at will while prohibiting the other party from doing so, the arbitration agreement may be unformed due to a lack of consideration. *See generally Johnson v. Cont'l Fin. Co., LLC,* 131 F.4th 169 (4th Cir. 2025); *Ford v. Genesis Fin. Sols., Inc.,* 726 F. Supp. 3d 441 (D. Md. 2024), *aff'd,* No. 24-1341, 2025 WL 1540933 (4th Cir. May 30, 2025); *Trimble v. Entrata, Inc.*, No. RDB-24-3710, 2025 WL 2021741 (D. Md. July 18, 2025); *Cheek v. United Healthcare of Mid-Atl., Inc.*, 378 Md. 139 (2003).

The Court also recognizes that the above four cases apply Maryland substantive law to the issue of contract formation. The parties are aware that, in this case, there is a choice-of-law clause in the December 2024 user agreement selecting Delaware's substantive law. (Dec. 2024 User Agreement at 10.) However, as the Fourth Circuit recently explained in *Johnson*, when contract formation is at issue, it "would be nonsensical to enforce a choice-of-law clause" because a court has still not established that the underlying contract exists. 131 F.4th at 178. As a result, to determine the applicable substantive law, the Court applies the conflict of law rules of the state in which it sits, Maryland. *See In re Merritt Dredging Co., Inc.,* 839 F.2d 203, 206 (4th Cir. 1988); *Johnson v. Carmax, Inc.*, No. 10–CV–213, 2010 WL 2802478, at *2 (E.D. Va. July 14, 2010). Under Maryland law, the Court applies the law of the state "where the last act necessary to make the contract binding occurs." *Konover Prop. Tr., Inc. v. WHE Assocs., Inc.*, 142 Md.App. 476,

4

490 (Md. Ct. Spec. App. 2002). The evidence on this issue is scant. However, Plaintiff is a Maryland resident, (Compl. at 1, ECF No. 1) and Defendant's Chief Financial Officer submitted an affidavit stating that Plaintiff was advised of each user agreement, including the December 2024 agreement, via email, (Morris Affidavit at 5, Mot. Exh. A, ECF No. 15-1). Defendant also consented to personal jurisdiction in Maryland. (Answer at 2, ECF No. 3.) Without further evidence, the Court concludes that Plaintiff accepted the user agreement and arbitration agreement while in Maryland. As a result, the Court assumes—at least for the purposes of this Memorandum and Order—that Maryland substantive principles of contract formation apply. Therefore, the four cases referenced above (*Johnson*, *Ford*, *Trimble*, and *Cheek*) must be addressed.

Accordingly, it is hereby ORDERED:

1. On or before Tuesday, September 23, 2025, Defendant SHALL FILE a supplemental brief in which it shows cause why its Motion to Strike Class Allegations and Demand for Jury Trial, To Compel Arbitration, and to Stay Action (ECF No. 15) should not be denied, either in full or in part, in light of the above precedent.

2. On or before Tuesday, September 30, 2025, Plaintiff SHALL FILE a response brief.

3. There shall be no reply briefs.

DATED this ___9___ day of September, 2025.

BY THE COURT:

James K. Bredar
United States District Judge